UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------  X
                                                        :
MANCHESTER FINANCIAL GROUP, L.P.,                       :
                                                        :   CASE NO. ___-CV-_____
                 Plaintiff,                             :
                                                        :   COMPLAINT
v.                                                      :   WITH JURY DEMAND
                                                        :
ALLEN SALMASI and NLABS, INC.,                          :
                                                        :
                 Defendants.                            :
                                                        :
------------------------------------------------------  X
```

## COMPLAINT

As its Complaint in this action, Plaintiff Manchester Financial Group, L.P. ("**MFG**") asserts the following breach of contract claim seeking monetary damages from Defendants Allen Salmasi ("**Salmasi**") and his company NLabs, Inc. ("**NLabs**"), pursuant to a Letter of Agreement executed on May 20, 2022 (the "**LOA**") between MFG, Salmasi, NLabs, and another Salmasi company, Navation, Inc. ("**Navation**").

## NATURE OF THE ACTION

1. As set forth below, the LOA gave MFG a "Put Option" to exchange with Salmasi and NLabs a note from (that may have been converted into stock in) another one of Salmasi's companies, Veea, Inc. ("**Veea**"), for $10 million plus interest. MFG exercised its option but Salmasi and NLabs are in breach of their obligation to pay the $10 million plus interest. MFG seeks in this action payment of that money it is owed.

## PARTIES

2. MFG is a Limited Partnership organized under the laws of California, with its Partners being citizens of California and Idaho.

3. Salmasi is a citizen of New York, NY.

4. NLabs is a corporation organized under the laws of Delaware with its principal place of business in New York, NY.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity), because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interests.

6. This Court has personal jurisdiction over both Defendants under N.Y. C.P.L.R. § 301. Salmasi is a resident of New York. NLabs is headquartered in New York and regularly does business in New York.

7. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) (because each Defendant is a resident of or headquartered in this District) and § 1391(b)(2) (because a substantial portion of the events giving rise to the claims herein occurred in this judicial district).

## FACTUAL ALLEGATIONS

8. MFG acquires, develops, and manages high profile properties throughout the United States. It selectively invests in hospitality, technology, communications, and health service corporations.

9. Veea holds itself out as a software company that enhances and expands connectivity and computation of computer devices and platforms. In May 2022, Salmasi approached MFG in connection with a potential investment in Veea. At that time, Veea was owned and controlled by Salmasi.

10. On May 20, 2022, MFG and Veea executed the Convertible Note Purchase Agreement ("**CNPA**") in which MFG purchased from Veea a $10 million convertible promissory note (the "**Note**"). That purchase closed on June 2, 2022.

11. Under CNPA § 4(a), Veea had a right, subject to certain conditions, to elect to convert the Note to Veea stock. On information and belief, Veea appears to have made that election on or about December 28, 2022, and the conversion appears to have occurred on or about December 31, 2022.

12. However, MFG wanted the discretion to withdraw its investment depending on its assessment of Veea's viability and performance. MFG negotiated with Salmasi to achieve that right in a side letter it executed with Salmasi and two other companies he owns, Navation and NLabs. Simultaneous with the CNPA, on May 20, 2022, MFG executed the LOA with Salmasi, Navation and NLabs. The LOA (in its initial paragraph and its § 1) expressly referenced MFG's transaction with Veea.

13. Under § 2 of the LOA, MFG has a "put option" that, in MFG's sole discretion, it could exchange the Note for the aggregate principal amount of the Note plus 10% interest (the "**Put Option**"):

> In consideration of MFG consummating the Veea Investment, NLabs hereby grant to MFG an option (the "Put Option"), exercisable on the first anniversary following the consummation of the Veea Investment by MFG, upon 30 days' prior written notice, to require either Salmasi or NLabs, individually or collectively, to purchase either (i) the aggregate principal amount of the Note plus all accrued but unpaid interest outstanding as of the date of exercise of the Put Option or (ii) in the case of the MFG Conversion, the shares received by MFG in connection with the MFG Conversion, at the original conversion price plus 10% interest from the date of the MFG conversion to the exercise date of the Put Option. The exercise of the Put Option shall be in writing (the "Put Option Notice") delivered electronically to the attention of Janice Smith at janice@navation.com.

14. By way of an email on April 17, 2023, from Ryan Kiesel, MFG's Vice President & Chief Financial Officer ("**Kiesel**") to "janice@navation.com," MFG exercised the Put Option under § 2 of the LOA:

> Dear Ms. Janice Smith,
>
> Please let this email serve as our notice to exercise our Put Option pursuant to the side letter dated May 20, 2022. As a result, our investment of $10 million plus all accrued interest will be due by May 20, 2023. Please confirm receipt of this notice.

15. LOA § 2, Salmasi and/or NLabs were obligated to pay $10 million plus 10% interest to MFG no later than May 20, 2023, which was "the first anniversary of consummation of the Veea Investment by MFG."[1]

16. Salmasi and NLabs responded to MFG's election by stalling and evading. Two days after receiving Keisel's email, Salmasi initially responded by providing a "quick update" on his business without mentioning the Put Option. Papa Doug Manchester, MFG's Chairman, immediately replied to Salmasi by asking him to "please prepare to pay in full All princip[al] and interest on or before due date to avoid legal." To that email, Salmasi quickly replied, "Dear Papa Doug, I hope all is well. Will update you by early May."

17. No update came by "early May." So, on May 8, Keisel sent wiring instructions to Salmasi. Salmasi did not respond. A week later, on May 15, Keisel wrote Salmasi and Ms. Smith to "confirm receipt of the wire instructions." Salmasi replied that day, "receipt confirmed, thanks. I just arrived back from Dubai and I'll follow-up by tomorrow." But Salmasi did not "follow-up by tomorrow." Two days later, on May 17, Keisel wrote him, asking "which day to

---

[1] Alternatively, the "first anniversary of consummation of the Veea Investment by MFG" could be read to mean June 2, 2023.

look for the wire." Salmasi replied on May 18, "still working on it. Will follow-up." And, of course, Salmasi has not followed up.

18. To date, MFG has never received any payment (of any amount) from Salmasi or NLabs or any statement or commitment as to when payment will be made.

## COUNT ONE.
## BREACH OF CONTRACT AGAINST BOTH DEFENDANTS

19. MFG incorporates by reference each of the foregoing allegations as if stated in full herein.

20. The LOA is a written and enforceable contract by and between MFG, Salmasi, Navation and NLabs.

21. MFG has fully performed all its obligations in the LOA and is entitled to each other party's full performance there. No conditions precedent exist that would bar, preclude or limit each other party's obligations to MFG under the LOA.

22. MFG properly exercised its Put Option under LOA § 2.

23. Pursuant to LOA § 2, Salmasi and NLabs individually and jointly are obligated under LOA § 10 to pay MFG $10 million plus interest.

24. Salmasi and NLabs are in breach of the LOA by failing to make any such payment.

25. MFG has been damaged by Defendants' breach by at least $10,000,000 plus interest.

26. MFG is entitled to a judgment in its favor and against Salmasi and NLabs in an amount to be proven at trial, including but not limited to $10,000,000 plus interest.

## PRAYER FOR RELIEF

Wherefore, MFG prays this Court enter orders as follows:

(1) Holding Salmasi and NLabs are in breach of the LOA by failing to make the payments required under its § 2;

(2) Awarding MFG such damages as it may prove at trial, including but not limited to $10,000,000 plus contractual and/or statutory interest, to the extent available;

(3) Awarding MFG its court costs and attorneys' fees, to the extent available or permitted; and

(4) Granting such other relief as is just and proper.

## JURY DEMAND

MFG hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: New York, New York
December 1, 2023

Respectfully submitted,

COOLEY LLP
55 HUDSON YARDS
NEW YORK, NY  10001-2157
+1 212 479 6000


By: */s/ Philip M. Bowman*
Philip M. Bowman
(pbowman@cooley.com)

Attorneys for Plaintiff
Manchester Financial Group, L.P.